PER CURIAM.
Respondent, a member of The Florida Bar, was convicted on June 16, 1961 in a federal district court of a charge of making a false statement to a governmental agency in violation of Section 1010, Title 18, United States Code, a felony, and was sentenced to serve a term of three (3) years. He was released from federal prison in March 1963.
Respondent testified that in September 1961 he was advised by certified mail that The Florida Bar would institute disciplinary proceedings against him, but none were institituted until October 1965 when this proceeding was instituted. Respondent has not practiced law in this state since 1961. However, he was engaged in the practice in Georgia, but ceased when the Bar instituted this proceeding.
In this cause, the Florida Bar proceeded against respondent on the basis of the aforementioned federal felony conviction. After a hearing, the referee, in May 1966, recommended that the respondent be given a public reprimand and pay the costs of this proceeding. Thereafter, the Bar apparently became concerned over the validity of its proceeding under the Integration Rule, as amended effective January 1, 1962, whereas the misconduct complained of occurred in 1961. We settled that concern in our opinion in this cause filed September 21, 1966, reported at 190 So.2d 168. Thereafter, on October 5, 1966, the Board of Governors filed its judgment recommending that the respondent be suspended from the practice for a period of six months and thereafter until he demonstrate his rehabilitation and fitness to resume the practice of law, and that he pay the costs incurred in this proceeding.
On review before this court respondent argues that at this late date, six (6) months5' suspension is too severe. He also urges that he has already rehabilitated himself. In his brief filed in this cause the attorney for The Florida Bar agrees with respondent and urges that under the circumstances of this case only a public reprimand is deserved.
The gravity of the misconduct involved here warrants more than a public reprimand. Had the six months’ suspension followed in due course the report of the referee, which was filed in May 1966, we would have acted favorably upon it. However, in view of the lapse of time, during; which respondent has not been permitted, to pay his dues to The Florida Bar, and therefore not been allowed to practice law, we think a suspension of thirty (30) days is adequate. Further, while some evidence of rehabilitation was presented to the referee, and is in the record before' us, we be *256 lieve the interest of the public and legal profession in this state requires a more complete showing of the respondent’s fitness to resume the practice of law in this state.
Accordingly, the respondent is suspended from the practice of law for thirty (30) days and thereafter until he demonstrates that he has rehabilitated himself. Upon respondent’s filing a petition seeking to demonstrate his fitness, the Board of Governors shall act thereon with dispatch. The respondent is ordered to pay the cost of these proceedings.
It is so ordered.
THORNAL, C. J., and DREW, O’CON-NELL, CALDWELL and ERVIN, JJ., concur.